**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPEBEAST, INC., a New York Corporation; 101 MEDIA LAB LTD., a Hong Kong Corporation, individually and doing business as "www.hypebeast.com"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its attorneys Doniger / Burroughs, for its complaint against defendants Hypebeast, Inc., 101 Media Lab Ltd., individually and doing business as www.hypebeast.com, and Does 1-10, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography" ("GRECCO"), is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica,

1

California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

5. Plaintiff is informed and believes and thereon alleges that Defendant HYPEBEAST, INC. ("HYPEBEAST") is a New York corporation, with its principal place of business located at 527 62nd Street, Brooklyn, New York, 11220.

6. Plaintiff is informed and believes and thereon alleges that Defendant 101 MEDIA LAB, LTD. ("101 MEDIA") is a Hong Kong corporation doing business in the United States.

7. Plaintiff is informed and believes and thereon alleges that Defendants HYPBEAST and 101 MEDIA are affiliated companies that operate a website at www.hypebeast.com.

8. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPH**

10. Plaintiff owns an original photograph of Gillian Anderson and David Duchovny ("Subject Photograph") that was registered with the United States Copyright Office on

September 8, 2003 with the Registration Number VA 1-232-596. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph.

11. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph, HYPEBEAST, 101 MEDIA, and DOE Defendants, and each of them used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as www.hypebeast.com.

12. An image of the Subject Photograph and a screen capture of Defendant's website with the Subject Photograph embedded are set forth hereinbelow:

**Subject Photograph**



//
//

**Screen Capture**



**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - Against All Defendants, and Each)**

13. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14. Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on the World Wide Web.

15. Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Photograph and publishing and displaying the Subject Photograph to the public, as set forth above, without Plaintiff's authorization or consent.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

      c.      That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

      d.      That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

      e.      That Plaintiff be awarded its costs and fees under the statutes set forth above;

      f.      That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

      g.      That Plaintiff be awarded pre-judgment interest as allowed by law;

      h.      That Plaintiff be awarded the costs of this action; and

      i.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:    Brooklyn, New York                               Respectfully Submitted,
            February 24, 2020

                                                          DONIGER / BURROUGHS

                                                    By:  /s/ Scott A Burroughs
                                                                 Scott Alan Burroughs, Esq.
                                                                  Laura M. Zaharia, Esq.
                                                                  231 Norman Avenue, Suite 413
                                                                  Brooklyn, New York 11222
                                                                  (310) 590-1820
                                                                  *Attorneys for Plaintiff Michael Grecco Productions, Inc., d/b/a "Michael Grecco Photography"*